**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| ULRICH BOSER, |
| |
|        Plaintiff, |
| |
| v. |
| |
| MARJAN KERAMATI, D.O., *et al.*, |
| |
|        Defendants. |

Civ. Action No. 22-513 (EGS)

<u>**MEMORANDUM OPINION**</u>

Plaintiff Ulrich Boser ("Mr. Boser") brings this lawsuit against Defendants Marjan Keramati, D.O. ("Dr. Keramati"), and Visionworks, Inc. (collectively "Defendants") alleging medical malpractice arising out of treatment received at a September 9, 2019 appointment with Dr. Keramati. *See generally* Compl., ECF No. 1-1. Pending before the Court is the Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment. *See* Mot. to Dismiss, ECF No. 3. Mr. Boser opposes the motion. *See* Pl.'s Opp'n, ECF No. 12-2. Upon careful consideration of the motion, response, reply thereto, and the applicable law, and for the reasons explained below, the Court **DENIES** without prejudice the Motion to Dismiss.

## I. Factual and Procedural Background

The Court assumes the following facts alleged in the complaint to be true for the purposes of deciding this motion and construes them in Mr. Boser's favor. *See Baird v. Gotbaum*,

1

792 F.3d 166, 169 n.2 (D.C. Cir. 2015). On September 9, 2019, Mr. Boser sought treatment from the Defendants because of blurry vision in his left eye. *See* Compl., ECF No. 1-2 ¶ 8. Dr. Keramati did not perform a detailed history or ask Mr. Boser whether he had "floaters" in his left eye. *Id*. Mr. Boser states that if he had been asked, he would have told Dr. Keramati that he did have "floaters." *Id*. Dr. Keramati performed an eye examination but did not dilate Mr. Boser's pupils, rather Dr. Keramati only used a "standard eye chart test" to check his vision. *Id*. ¶ 9. Mr. Boser returned to Visionworks on September 28, 2019 and was examined by Dr. Keramati. *Id*. ¶ 11. Dr. Keramati determined that Mr. Boser needed to see a retinal surgeon immediately and on September 29, 2019, his detached retina was repaired. *Id*. ¶ 12. As a result, Mr. Boser has, among other things, sustained permanent injuries in his left eye. *Id*. ¶ 15.

Mr. Boser filed his Complaint in the Superior Court of the District of Columbia on January 21, 2022. *See* Notice of Removal, ECF No. 1-2 at 1. On February 28, 2022, Defendants removed the case to this Court. *Id*. at 1-4. On the same day, and prior to the taking of any discovery, Defendants filed the instant Motion to Dismiss and/or for Summary Judgment. *See* ECF No 3. Mr. Boser filed his opposition brief on March 29, 2022, and on April 5,

2022, Defendants filed their reply brief. The motion is ripe for the Court's adjudication.

## II.  Standards of Review

### A. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). While detailed factual allegations are not required, a complaint must contain "sufficient factual matter ... to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621,624 (D.C. Cir. 1997). In so doing, the court must give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements" are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678.

### B. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, the movant's burden is to "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, "summary judgment ordinarily 'is proper only after the plaintiff has been given adequate time for discovery,'" *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997)(quoting *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)). "This is largely because, when faced with a motion for summary judgment, the non-movant must point to evidence in support of his opposition, and evidence is typically the province of discovery." *Tyson v. Brennan*, 306 F. Supp. 3d 365 (D.D.C. 2017) (citing *Rochon v. Lynch*, 139 F. Supp. 3d 394, 401 (D.D.C. 2015). "Moreover, where a defendant has moved for summary judgment under Rule 56 as an alternative to dismissal under Rule 12(b)(6), 'the decision regarding whether or not to treat a motion to dismiss as one for summary judgment is committed to the sound discretion of the trial court[,] which means that this Court need not necessarily accede to [the defendant's] request regarding how its motion should be

evaluated.'" *Id*. (quoting *Ross v. U.S. Capitol Police*, 195 F. Supp. 3d 180, 192 (D.D.C. 2016)) (internal quotation marks and citation omitted) (first alteration in original).

## III. Analysis

### A. Summary Judgment Is Premature

Defendants argue that Mr. Boser's action is "barred" because he executed a liability waiver at the time of treatment, *see* Mot. to Dismiss, ECF No. 3 at 5; relying on the waiver that Mr. Boser purportedly signed at the time of his treatment, which they attach as an exhibit to their Motion, *see id*. at 3-1. These materials are outside of the pleadings and are not incorporated by reference into the pleadings. Defendants do not argue that Mr. Boser has failed to state a claim for medical malpractice; rather they argue for dismissal because there is no dispute of material fact that Mr. Boser signed the liability waiver. *See generally* Mot. to Dismiss, ECF No. 3. In other words, they argue that the case should be dismissed based on the standard for summary judgment.

"As the Supreme Court and this Circuit have repeatedly held, summary judgment is ordinarily appropriate only after the plaintiff has been given an adequate opportunity to conduct discovery." *McWay v. LaHood,* 269 F.R.D. 35, 39 (D.D.C. 2010); *accord Convertino v. U.S. Dep't of Justice,* 684 F.3d 93, 99 (D.C. Cir. 2012) ("[S]ummary judgment is premature unless all

parties have 'had a full opportunity to conduct discovery.'"
(quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106
S. Ct. 2505, 91 L. Ed. 2d 202 (1986))); *Americable Int'l v.
Dep't of Navy,* 129 F.3d 1271, 1274 (D.C. Cir. 1997) ("[S]ummary
judgment ordinarily 'is proper only after the plaintiff has been
given adequate time for discovery.'" (quoting *First Chi. Int'l
v. United Exch. Co.,* 836 F.2d 1375, 1380 (D.C. Cir. 1988))).

> The exercise of discretion under Rule 12(d) to
> convert a motion to dismiss to a motion for
> summary judgment is usually only appropriate
> where (1) the evidence submitted is
> sufficiently comprehensive to conclude that
> further discovery would be unnecessary; and
> (2) the non-moving party has not been unfairly
> disadvantaged by being unable to access the
> sources of proof necessary to create a genuine
> issue of material fact. *See, e.g.,* Fed. R.
> Civ. P. 12(d) ("All parties must be given a
> reasonable opportunity to present all material
> that is pertinent to the motion."); *Tele-
> Commc'ns of Key West,* 757 F.2d at 1334
> (requiring court to "assure itself that
> summary judgment treatment would be fair to
> both parties" before converting motion to
> dismiss to motion for summary judgment);
> WRIGHT & MILLER § 1366 (noting the importance
> of having "comprehensive" extra-pleading
> evidence to convert to summary judgment, as
> opposed to "scanty, incomplete, or
> inconclusive" evidence).

*Ryan-White v. Blank*, 922 F. Supp. 2d 19, 24-25 (D.D.C. 2103).

Here, Mr. Boser requests discovery on a number of issues,
*see* Opp'n, ECF No. 12 at 3, 7, 11, 23, 24; contending that the
following material facts are in dispute:

> (1) Whether [Mr. Boser] signed the alleged
> exculpatory release on September 9, 2019 or
> September 16, 2019; (2) Whether a Digital
> Retinal Evaluation ("DRE"), even if agreed to
> by [Mr. Boser], would have given sufficient
> diagnostic information to the Defendants to be
> able to make a proper diagnosis and properly
> treat [Mr. Boser]; (3) If a DRE was performed,
> the type of machine that would have been used;
> (4) If a DRE was performed, the experience of
> the technologist performing exam and how Mr.
> Boser's retina would have been visualized; (5)
> Whether a DRE, even if performed, is within
> the applicable standard of care; (6) If Mr.
> Boser signed a valid and enforceable waiver,
> whether Mr. Boser released the individual
> Defendant Dr. Marjan Keramati.

Opp'n, Statement of Material Facts in Genuine Dispute, ECF No. 12-3 at 83.[1]

The Court agrees that Mr. Boser has not had a "reasonable opportunity to present all material that is pertinent" to his medical malpractice claim, Fed. R. Civ. P. 12(d); since no discovery has taken place. Accordingly, the Court will not consider "any matters outside of the pleadings" and will not convert the motion to dismiss into a motion for summary judgment. *Ryan-White v. Blank*, 922 F. Supp. 2d at 25 (citing Fed. R. Civ. P. 12(d)). Defendants argue that Mr. Boser's action is "barred" because he executed a liability waiver at the time of treatment. *See* Mot. to Dismiss, ECF No. 3 at 5. This

---

[1] Neither party has complied with the requirements of the Court's Standing Order Governing Civil Cases regarding their respective statement of material facts. *See* Standing Order, ECF No. 11 ¶ 12.

argument, however, does not warrant dismissal of Mr. Boser's Complaint.

**IV.  Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 3, is **DENIED.** An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**August 25, 2022**